# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6250 | **DATE** | 12/19/2002 |
| **CASE TITLE** | ZCM Asset Holding vs. Allamian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. ZCM's Motion for Reconsideration of Order Granting Emergency Motion of Intervenor Limited Partners to Clarify or Modify Preliminary Injunction is granted. The Intervenors' Motion to Modify the Preliminary Injunction is denied. The Court's Order of August 1, 2002 modifying the preliminary injunction is hereby vacated, and the Order of October 2, 2001 is reinstated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 20 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | WB | 249 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | 02 DEC 19 PM 7:42 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**DEC 2 0 2002**

ZCM ASSET HOLDING COMPANY (BERMUDA) )
LIMITED, et al., )
)
Plaintiffs, )
)
v. )
)
MARTIN JAMES ALLAMIAN, et al., )
)
Defendants, )
)
_____ )  No. 01 C 6250
JOHN H. WALDOCK, solely as Trustee of the JOHN H. )
WALDOCK TRUST U/A/D 12/1/88, et al., )  Honorable Amy J. St. Eve
)
Counter-claimants/Cross-claimants, )
)
v. )
)
ZURICH CAPITAL MARKETS INC., et al., )
)
Counter-defendants, )
)
and )
)
M.J. DIVERSIFIED FUND, L.P., et al., )
)
Cross-defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs have moved for reconsideration of Judge Lindberg's August 1, 2002 order modifying the October 2, 2001 preliminary injunction order. For the reasons set forth below, Plaintiffs' motion is granted.

249

## BACKGROUND

**I.   The Parties**

Plaintiff ZCM Asset Holding Ltd. is a Bahamian corporation and an affiliate of ZCM Inc. that operates as a holding company for offshore investments. ZCM Inc. is a Delaware corporation that is one of the world's largest custodians of hedge funds. ZCM MFC is a Delaware corporation and a wholly owned subsidiary of ZCM Inc. Finally, Plaintiff ZCM Asset Holding LLC is a Delaware corporation and a wholly owned subsidiary of ZCM Inc. that operates as a holding company for offshore investments. (These five plaintiffs are collectively referred to as "ZCM").

Defendant Martin J. Allamian is a citizen of Illinois and the president and sole owner of Defendant Martin James Capital Management, Inc. ("Martin James Capital"). Martin James Capital was a general partner of Defendants M.J. Diversified Fund, L.P. ("MJD") and M.J. Financial Arbitrage, L.P. ("MJFA") and the investment manager of M.J. Select. Martin James Capital is also the general partner and a limited partner of Defendant Asset Allocation. Defendant Andrew M. Allamian is counsel and business advisor to Martin James Capital and Martin Allamian. Defendant James J. Manning is the senior vice president of Martin James Capital and a limited partner of Asset Allocation. MJD was an Illinois limited partnership with Martin James Capital as its general partner. MJFA was a Nevada limited partnership with Martin James Capital as its general partner. (Collectively, Martin J. Allamian, Andrew M. Allamian, James J. Manning, Martin James Capital, MJD and MJFA are "P.I. Defendants.") Finally, Defendant Asset Allocation Fund, L.P. ("Asset Allocation") is an Illinois limited

2

partnership with Martin James Capital as its general partner.[1]

The Intervenors are John Mather and Susan Mather, individually and as Trustees of the Peninsula Ear Nose & Throat, Facial Plastic Surgery Pension Plan Trust; Salateen international Ltd; The James F. Boughner Foundation; and 766347 Ontario Ltd. (the Intervenors"). The Intervenors are limited partners in Defendant Asset Allocation who elected not to redeem their investments in the limited partnership.

ZCM alleges that it purchased common shares and limited partnership interests from some of Defendants. ZCM argues that Defendants made material false representations in connection with the sale of these securities to Plaintiffs. In April 2001, ZCM alleges that they attempted to redeem their interests in most of these securities, but Defendants refused. Instead, ZCM alleges that Defendants fraudulently converted and transferred ZCM's interests to themselves by liquidating certain of Plaintiffs' limited partnership interests and placing the proceeds in accounts for Defendant Asset Allocation and/or transferring the proceeds to other Defendants.

The Intervenors filed a cross claim against Asset Allocation for breach of contract seeking recovery of their investments in the limited partnership. These investments amount to approximately $1.1 million. They also seek to assert a counterclaim against ZCM.[2]

---

[1] Other defendants are not relevant to this opinion.

[2] On August 13, 2002, the Intervenors sought to amend their cross claim to assert claims for fraudulent transfer and constructive trust against ZCM and others. (R. 205-1.) ZCM and others filed a motion strike the cross claim. This motion is still pending.

## II. Procedural History

On August 14, 2001, ZCM moved for a temporary restraining order and a preliminary injunction against the funds involved in this motion. (R. 2-1.) On August 22, 2001, Judge Lindberg granted ZCM's motion for a temporary restraining order, and scheduled a hearing on the preliminary injunction motion for October 3, 2001. (R. 7-1) On September 28, 2001, ZCM and the PI Defendants agreed to a preliminary injunction and submitted an agreed injunction order to Judge Lindberg. On October 2, 2001, Judge Lindberg entered the agreed preliminary injunction enjoining the PI Defendants from transferring or disposing of any funds "obtained from, resulting from or traceable to, the redemption of the interest of Plaintiff[s] . . . in MJD, MJFA or M.J. Select Global, Ltd. . . . or any other interest of Plaintiff[s] or any affiliate of Plaintiff[s], and from interfering with any effort by Plaintiff, or any affiliate of Plaintiff, to redeem its direct and indirect interests in M.J. Select." (R. 43-1, ¶ 1.) The Preliminary injunction ordered that the P.I. Defendants "shall redeem at the earliest possible date any and all other investments of Asset Allocation, L.P., and shall transfer the proceeds from such redemption, as well as any funds in any bank accounts of Asset Allocation, L.P., to a segregated interest-bearing escrow account . . . and hold such funds . . . in the Escrow Account pending a final resolution of the case on the merits, or to Plaintiff." (*Id.* ¶ 2.) Furthermore, "[a]ny proceeds received from partial or whole redemptions, or otherwise, including assignments of underlying investments, of any interests in the Funds must be transferred immediately to the Escrow Account on the terms specified above for other transfers to the Escrow Account, or to Plaintiff." (*Id.*, ¶ 3.)

On August 1, 2002, the Intervenors moved to clarify or modify the October 2, 2001 Preliminary injunction. The Intervenors were not a party to the October 2, 2001 preliminary

4

injunction order. Noting that Plaintiff ZCM and certain Defendants were in settlement negotiations, the Intervenors argued that Plaintiffs and Defendants "may attempt to dissipate the frozen funds by written agreement but without court approval or notice to Intervenors." On August 1, 2002, Judge Lindberg granted the Intervenor's motion and ordered that "all funds and assets resulting from, or traceable to, the redemption of the interests of Plaintiff or any affiliate of Plaintiff, including funds and assets frozen thereunder and currently in escrow, should be considered under the control of the Court and shall not be transferred or disposed of unless by order of the Court unless all issues relating to the funds have been resolved." (R.196-1.)

Plaintiff did not have a chance to respond to the motion prior to Judge Lindberg's ruling. Accordingly, Plaintiffs filed a motion to reconsider the August 1, 2002 order granting the Intervenors' emergency motion to clarify or modify the preliminary injunction. On August 14, 2002, Judge Lindberg held a hearing regarding ZCM's motion to reconsider. During the hearing, Judge Lindberg noted that he "probably should not have entered [the order] without hearing an objection from the other side." (R. 230-1, at 17). Judge Lindberg ordered the parties to meet and attempt to resolve their issues. Before Judge Lindberg ruled on Plaintiffs' motion to reconsider, the case was transferred to this Court by executive order.

## ANALYSIS

### I.  Legal Standard

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D. Ill. 1992) ("motions to reconsider are not at the disposal of parties who want to 'rehash' old

arguments."). Accordingly, a court generally will entertain a motion for reconsideration only where the moving party can establish that the law or facts have changed significantly since the issue was presented, or the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented," or has "made an error not of reasoning, but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## II. Modification of the August 1, 2002 Order

ZCM seeks reconsideration of Judge Lindberg's August 1, 2002 order[3] on the basis that Judge Lindberg did not apprehend all of the issues surrounding the Intervenors' motion because ZCM did not have an opportunity to raise the arguments before Judge Lindberg. Indeed, Judge Lindberg noted that he should have heard ZCM's arguments before entering the order.

Specifically, ZCM argues that the Court should reconsider the August 1 order because: (1) the Intervenors do not have standing to challenge the Preliminary injunction; and (2) the Intervenors cannot meet the standards for the injunctive relief they received through Judge Lindberg's modification to the Preliminary injunction. The Intervenors counter that (1) Judge Lindberg intended the August 1 order merely clarified, rather than modified, the Preliminary injunction and therefore was not affirmative injunctive relief;. (2) they have standing to seek clarification of the Preliminary injunction; and (3) they can meet the requirements for injunctive relief. The Court agrees with ZCM.

---

[3] In addition, ZCM and the Allamian Defendants have moved the Court for approval of the transfer of funds currently subject to the preliminary injunctions pursuant to the terms of a settlement agreement between them.

As an initial matter, the Court finds that on its face the August 1, 2002 Order materially modifies the preliminary injunction. Indeed, Judge Lindberg's August 1, 2002 Order withdrew the PI Defendants' ability to transfer the designated assets directly to ZCM.

Because the Intervenors seek to modify the October 2, 2001 Order, the Intervenors must satisfy the standards for a preliminary injunction. *See Shared Services, Inc. v. Shared Tech., Inc.*, No. 90 C 753, 1990 WL 72098, at * 3 (N.D. Ill. May 14, 1990). Specifically, the Intervenors must initially demonstrate that they: (1) have a reasonable likelihood of success on the merits of their underlying claim; (2) have no adequate remedy at law; and (3) will suffer irreparable harm without the preliminary injunction. *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 474 (7th Cir. 2001); *Re/Max North Central, Inc. v. Cook*, 272 F.3d 424, 429-30 (7th Cir. 2001). Once these elements are met, the Court will analyze any irreparable harm that the preliminary injunction might impose upon the party against whom the injunction is sought and whether the preliminary injunction would harm or foster the public interest. *Id.*; *see also AM General Corp. v. Daimler Chrysler Corp.*, 311 F.3d 796, 803 (7th Cir. 2002). If the Intervenors fail to satisfy any element of this standard, the preliminary injunctive relief originally granted by Judge Lindberg on October 2, 2001 should not have been modified.

The Court will first address the issue of irreparable harm. The Intervenors must show that they will suffer irreparable harm if the modification to the injunction is denied. Irreparable harm is harm "which cannot be repaired, retrieved, put down again, atoned for . . . [T]he injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Medical Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) (quotations and citations omitted). *See also Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984) (irreparable harm is "harm that cannot be prevented or fully rectified by the final judgment after trial").

The Intervenors seek to assert claims against ZCM. They clearly cannot show irreparable harm regarding these claims. It is undisputed that ZCM is backed by the credit of Zurich Financial Services Group of Switzerland, and could satisfy any judgment against it. ZCM acknowledges that it "could easily return the $2 million to Asset Allocation upon a successful adjudication of any such claim." (R. 239-1, at 11.)

In addition, the Interveners have asserted a claim against Asset Allocation for approximately $1.1 million in their cross claim. The Interveners argue that they would be irreparably harmed if the frozen funds are transferred to ZCM because Asset Allocation would not have sufficient funds to satisfy an adverse judgment on the Intervenors' cross claim. Irreparable harm might be established by showing that a party might be judgment-proof at the end of the litigation. *See Cordis Corp. v. Medtronic, Inc.*, 780 F.2d 991, 996 (Fed. Cir.1985). The Intervenors, however, have not proven that Asset Allocation will be judgment proof at the end of this case. This is especially true in light of the proposed settlement involving the funds at issue here. Under the settlement, ZCM will receive $2 million of the funds at issue and Asset Allocation will keep $420,000. (R. 239-1, at 2-3). In addition, ZCM will pay Asset Allocation any amounts that it recovers in excess of $12,375,000 from MJ Select Global and/or Six/Sigma LLC.

Furthermore, Asset Allocation is a limited partnership. Under Illinois law, the general partners of Asset Allocation are liable for the debts of the limited partnership. 805 ILCS § 210/101. The Interveners fail to allege or establish that the general partner does not have sufficient funds to satisfy any judgment against Asset Allocation.

The Interveners have failed to satisfy their preliminary injunction burden of establishing irreparable harm. Accordingly, they are not entitled to a modification of the August 1, 2001 preliminary injunction order.[4]

## CONCLUSION

ZCM's Motion for Reconsideration of Order Granting Emergency Motion of Intervenor Limited Partners to Clarify or Modify Preliminary Injunction is granted. The Intervenors' motion to modify the preliminary injunction is denied. The court's order of August 1, 2002 modifying the preliminary injunction is hereby vacated, and the order of October 2, 2001 is reinstated.

Dated: December 19, 2002                ENTERED:

 

AMY J. ST. EVE
United States District Judge

---

[4] The PI Defendants and Defendants Robert Paszkiet, Jean Manning, Joseph Allamian, Martin James & Company, Inc. and Asset Allocation have also moved with ZCM for approval of the transfer of $2 million of the funds subject to the preliminary injunction. Although this motion is moot in light of the findings above, given the reasoning above and because ZCM showed that it was entitled to the funds, the Court would have granted the joint motion.