Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6250 | **DATE** | 3/3/2003 |
| **CASE TITLE** | ZCM vs. Allamian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Intervenors Amended Motion for leave to file their First Amended Cross-Claim and Counterclaim (R. 268-1) is granted in part and denied in part. It is granted with respect to Count IV and denied with prejudice with respect to Counts II, III, and V.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 325 |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ZCM ASSET HOLDING COMPANY (BERMUDA) LIMITED, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MARTIN JAMES ALLAMIAN, et al., | ) ) ) | |
| Defendants, | ) ) ) | No. 01 C 6250 |
| JOHN H. WALDOCK, solely as Trustee of the JOHN H. WALDOCK TRUST U/A/D 12/1/88, et al., | ) ) ) | |
| Counter-claimants/Cross-claimants, | ) ) | |
| v. | ) ) | |
| ZURICH CAPITAL MARKETS INC., et al., | ) ) ) | |
| Counter-defendants, | ) ) | |
| and | ) ) | |
| M.J. DIVERSIFIED FUND, L.P., et al., | ) ) ) | |
| Cross-defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

The Intervenors have filed an Amended Motion for leave to file their First Amended Cross-Claim and Counterclaim adding four new counts. For the reasons set forth below, the Intervenors' motion is granted in part and denied in part.

1

## BACKGROUND

### A.    The Parties

The Intervenors are limited partners in Defendant Asset Allocation Fund, L.P., including: John Mather and Susan Mather, individually and as Trustees of the Peninsula Ear Nose & Throat, Facial Plastic Surgery Pension Plan Trust; Salateen International Ltd; The James F. Boughner Foundation; and 766347 Ontario Ltd.

Defendant Asset Allocation Fund, L.P. ("Asset Allocation") is an Illinois limited partnership with Defendant Martin James Capital Management ("MJCM") as its general partner. Defendant Martin J. Allamian is a citizen of Illinois and the president and sole owner of MJCM. Defendant Andrew M. Allamian is counsel and business advisor to MJCM and Martin Allamian. Defendant James J. Manning is the senior vice president of MJCM and a limited partner of Asset Allocation. Defendant Robert Paszkiet, an Illinois resident, is Director of Client Relations of MJCM. (Collectively, Asset Allocation, MJCM, Martin J. Allamian, Andrew M. Allamian, James J. Manning, and Robert Paszkiet are the "Allamian Defendants" or "Cross Defendants").

Plaintiff ZCM Asset Holding Ltd. is a Bahamian corporation and an affiliate of ZCM Inc. that operates as a holding company for offshore investments. ZCM Inc. is a Delaware corporation that is one of the world's largest custodians of hedge funds. ZCM MFC is a Delaware corporation and a wholly owned subsidiary of ZCM Inc. Finally, Plaintiff ZCM Asset Holding LLC is a Delaware corporation and a wholly owned subsidiary of ZCM Inc. that operates as a holding company for offshore investments. (These five plaintiffs are collectively referred to as "ZCM").

## B. Preliminary Injunction

A substantial focus of this litigation has been the preliminary injunction entered by Judge Lindberg on October 2, 2001. On August 14, 2001, ZCM moved for a temporary restraining order and a preliminary injunction against Asset Allocation, MJCM, Martin J. Allamian, Andrew M. Allamian, James J. Manning, M.J. Diversified Fund, L.P., and M.J. Financial Arbitrage, L.P. (collectively, the "P.I. Defendants"). On August 22, 2001, Judge Lindberg granted ZCM's motion for a temporary restraining order (*see* R. 7-1), and on October 2, 2001, Judge Lindberg entered an agreed preliminary injunction. (*See* R. 43-1.) That preliminary injunction order enjoined the P.I. Defendants from transferring or disposing of any funds "obtained from, resulting from or traceable to, the redemption of the interest of Plaintiff[s] . . . in MJD, MJFA or M.J. Select Global, Ltd. . . . or any other interest of Plaintiff[s] or any affiliate of Plaintiff[s], and from interfering with any effort by Plaintiff, or any affiliate of Plaintiff, to redeem its direct and indirect interests in M.J. Select." (*Id.*, ¶ 1.) The preliminary injunction also provided that the P.I. Defendants "shall redeem at the earliest possible date any and all other investments of Asset Allocation, L.P., and shall transfer the proceeds from such redemption, as well as any funds in any bank accounts of Asset Allocation, L.P., to a segregated interest-bearing escrow account . . . and hold such funds . . . in the Escrow Account pending a final resolution of the case on the merits, or to Plaintiff." (*Id.* ¶ 2 (emphasis added).)

On August 1, 2002, the Intervenors, who were not a party to the October 2, 2001 preliminary injunction order, moved to clarify or modify the preliminary injunction order. On August 1, 2002, Judge Lindberg -- without hearing from any other party -- granted the Intervenors' motion and ordered that "all funds and assets resulting from, or traceable to, the redemption of the interests of Plaintiff or any affiliate of Plaintiff, including funds and assets

frozen thereunder and currently in escrow, should be considered under the control of the Court and shall not be transferred or disposed of unless by order of the Court unless all issues relating to the funds have been resolved." (R. 196-1.)

On December 19, 2002, this Court granted ZCM's motion for reconsideration of Judge Lindberg's August 1, 2002 order, and reinstated the October 2, 2001 order allowing for transfer of the funds at issue to ZCM. (R. 249-1.) *See ZCM Asset Holding Co. (Bermuda) Ltd. v. Allamian*, No. 01 C 6250, 2002 WL 31870162 (N.D. Ill. Dec. 20, 2002).

### C. Allegations in the Pleading

The Intervenors allege that Asset Allocation's Limited Partnership agreements provided that the limited partners could request total or partial redemptions of their partnership interests:

> A partner may withdraw from the Partnership all or any part of his capital contributions and undistributed profits, if any, effective as of the end of each calendar month ("the effective date") by requiring the Partnership to redeem any or all of his Units at its Net Asset Value per Unit (as determined by the General Partner), calculated as of the effective date . . . (by forwarding a "Request for Redemption").

(R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 20.)

The Intervenors further allege that in March 2001 the value of the limited partnership investments substantially decreased because "an investment held by Asset Allocation and known as Six Sigma dramatically decreased in value." (R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 22.) As of March 31, 2001, the Intervenors allege that their Asset Allocation investment value totaled $1,105,543. (*Id.* Ex. 1 at ¶ 22.)

On approximately February 21, 2002, Intervenors contend that Boughner Foundation, Ontario, Mathers and Peninsual Pension Plan Trust sought redemption of their limited partnership interests. (R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 24.) Asset Allocation did not

fulfill their requests. Intervenors allege that Salateen elected not to make such a request "because of the existence of the Preliminary Injunction." (*Id.* Ex. 1 at ¶ 25).

The Intervenors allege that Defendants MJCM and Martin Allamian "stole at least $420,000 of partnership funds," "made several unauthorized redemptions of investments funds," and disbursed those funds in violation of the Preliminary Injunction order. (R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 27.)

The Intervenors seek to add the following cross claims against the Allamian Defendants and counterclaims against ZCM: (1) a claim under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1, *et seq.* ("UFTA"); (2) a claim for a constructive trust; (3) a claim for judicial dissolution of the Asset Allocation Limited Partnership under Section 802 of the Revised Uniform Limited Partnership Act, 805 ILCS 210/802 ("RULPA"); and (4) a claim for an accounting.

## ANALYSIS

### I. Legal Standard

Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). It is clear, however, that the right to amend is not absolute. *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720 (7th Cir. 2002). "It is well within the province of the district court to deny leave to amend if, among other things, there is undue delay or undue prejudice would result to the opposing party if the amendment were allowed." *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002) (citations omitted). Furthermore, the court may deny leave to amend where "there is undue delay, bad faith [,] or dilatory motive . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d

606, 612 (7th Cir. 2002) (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)). The decision whether to grant or deny a motion to amend a pleading falls within "the sound discretion of the district court." *J.D. Marshall Int'l Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

Plaintiffs argue that the Court should deny the Intervenors' motion on the grounds of (1) futility of amendment, (2) undue delay, (3) undue prejudice, (4) multiplicity of amendments, and (5) improper purpose.

## II. Violation of the UFTA (Count II)

The Intervenors seek to state a claim under Sections 5 and 6 of the UFTA for "[a]ny transfer of the funds held by Asset Allocation pursuant to those [preliminary injunction] Orders." (R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 37.)[1] They allege that any such transfer of funds held by Asset Allocation pursuant to Judge Lindberg's October 2, 2001 preliminary injunction order "will be fraudulent within the meaning of Section[s] 5 and 6 of the UFTA . . . in that it was

---

[1] Section 5(a) of the UFTA provides: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." 740 ILCS § 160/5.

Section 6(a) of the UFTA provides "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." 740 ILCS § 160/6.

or will be made without receiving reasonably equivalent value at a time when Asset Allocation was insolvent or would become insolvent as a result of the transfer." (R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 37).

Even assuming Count II satisfies the heightened pleading requirements of Rule 9(b), it fails. The transfer of the funds at issue to ZCM was specifically authorized by Judge Lindberg's October 2001 preliminary injunction order. Accordingly, it cannot be a fraudulent transfer. *See, e.g., Wells v. Sanford*, 85 Ill. 100, 1877 WL 9492, at *1 (Ill. 1877) (holding that an assignment of property to a receiver pursuant to court order could not be the basis for a fraudulent transfer claim: "It may be, as alleged by appellants, it was improper for the circuit court of Vermilion so to decree as to place this property in the hands of a receiver, and under his exclusive control, yet the court had complete jurisdiction of the subject and of the parties, and there has been no appeal from the decree, and it must stand, however much creditors may be delayed or hindered thereby.").

The Intervenors' reliance on *Kardynalski v. Fisher*, 135 Ill. App.3d 643, 482 N.E.2d 117 (Ill. App. Ct. 1985), and *U.S. ex rel. Hartigan v. Alaska*, 661 F.Supp. 727, 730 (N.D. Ill. 1987), is misplaced. Both of these cases involved transfer of property in divorce cases pursuant to a court approved settlement. As both courts recognized, "[s]pecial scrutiny is applied to transfers between spouses where the debtor spouse is thereby rendered insolvent and unable to satisfy the claims of his creditors." *Kardynalski*, 35 Ill.App.3d at 650, 482 N.E.2d at 122, *Hartigan*, 661 F. Supp. at 730. Furthermore, neither the *Kardynalski* nor the *Hartigan* court was aware of the potential ramifications of the settlement agreement because the parties did not disclose the existence of the creditors. Here, the Court is well aware of the facts given the protracted litigation on this issue.

## III. Constructive Trust (Count III)

In Count III, the Intervenors seek to allege a cause of action for constructive trust against the ZCM Plaintiffs and the Allamian Defendants. Constructive trust, however, is not a separate cause of action but rather an equitable remedy. *See Fujisawa Pharmaceutical Co., Ltd. v. Kapoor*, 16 F.Supp.2d 941, 952 (N.D. Ill. 1998). Accordingly, the Intervenors' claim for constructive trust cannot stand as a separate claim. *See id.*; *Egert v. FT Mortgage Companies*, No. 99 C 313, 1999 WL 528517, at *3 (N.D. Ill. July 19, 1999); *Pucci v. Litwin*, 828 F.Supp. 1285, 1300 (N.D. Ill. 1993).

## IV. Judicial Dissolution (Count IV)

In Count IV, the Intervenors assert a cross claim against the Allamian Defendants and a counterclaim against the ZCM Plaintiffs for judicial dissolution of Asset Allocation pursuant to Section 802 of the RULPA. Section 802 provides: "On application by or for a partner the circuit court of the county in which the registered office of the partnership is located may order dissolution of a limited partnership whenever it is not reasonably practicable to carry on the business in conformity with the partnership agreement." 802 ILCS 210/802.

As an initial matter, there is no basis to assert this claim against the ZCM Plaintiffs. The Intervenors seek judicial dissolution of Asset Allocation, not ZCM. Even the Intervenors acknowledge that ZCM does not have standing to challenge such a claim. But if ZCM does not have standing to challenge a claim for judicial dissolution, it is only because ZCM cannot be sued for judicial dissolution. Thus, ZCM is not properly named in this count and is hereby dismissed with prejudice.

The Intervenors allege that MJCM and Martin Allamian are stealing the partnership assets, testifying falsely, concealing the partnership assets, violating court orders, operating the

limited partnership for their own benefit and in violation of the limited partnership agreement. ((R. 268-1, Intervenors' Am. Mot., Ex. 1 at ¶ 45). Although they do not specifically allege that "it is not reasonably practicable to carry on the business in conformity with the partnership agreement," under federal notice pleading rules, their allegations are sufficient. Whether or not the Intervenors can prove these allegations will be determined at a later stage. Accordingly, Count IV stands against the Allamian Defendants.

## V. Accounting (Count V)

In Count V, the Intervenors seek an accounting against the Allamian Defendants and the ZCM Plaintiffs. In order to state such a claim, the Intervenors must allege "the absence of an adequate remedy at law and one of the following: (1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Mann v. Kemper Financial Companies, Inc.* 247 Ill. App. 3d 966, 980, 618 N.E.2d 317, 327 (Ill. App. Ct. 1992) (quotations and citations omitted). *See also 3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F.Supp.2d 932, 942 (N.D. Ill. 2000). Where the accounting claim is based on a breach of a fiduciary duty, however, the Intervenors need not allege the lack of an adequate remedy at law. *See Williams Elec. Games, Inc. v. Barry*, No. 97 C 3743, 2001 WL 1104619, at *10 (N.D. Ill. Sept. 18, 2001).

Count V does not allege the absence of an adequate remedy at law. Thus, the accounting claim fails unless it is based on the breach of a fiduciary duty. *See Williams Elec. Games*, 2001 WL 1104619, at *10. The Intervenors, however, do not allege any breach of a fiduciary duty. To the contrary, the Intervenors have alleged a breach of contract in count I which is incorporated by reference into Count V. Accordingly, the Intervenors' claim for accounting fails. *See 3Com Corp.*, 104 F.Supp.2d at 941.; *Midwest Neoped Associates, Ltd. v. Allmed*

9

*Financial Corp.*, No. 98 C 6973, 1999 WL 674747, at *1-2 (N.D. Ill. Aug.23, 1999); *Oil Express National, Inc. v. Latos*, 966 F.Supp. 650, 652 (N.D. Ill. 1997); *Homestead Ins. Co. v. Chicago Transit Authority*, No. 96 C 4570, 1997 WL 43232, at *3 (N.D. Ill. Jan. 23, 1997).

## CONCLUSION

The Intervenors Amended Motion for leave to file their First Amended Cross-Claim and Counterclaim (R. 268-1) is granted in part and denied in part. It is granted with respect to Count IV and denied with prejudice with respect to Counts II, III, and V.

Dated: March 3, 2003　　　　　　　　　　ENTERED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　AMY J. ST. EVE
　　　　　　　　　　　　　　　　　　　　　United States District Judge